THURMAN v DAYTON (city)

Ohio Appeals, 2nd Dist, Montgomery Co.

No 815. Decided Nov. 28, 1928

Egan & Delscamp, Dayton, for Thurman.
Lon Volz, Dayton, for City.

**BY THE COURT**

We are of the opinion that this would correct the search warrant and that as issued by the Judge, it would not be invalid.

The officers in making the search, according to their testamony, found quite a party of men and women in the home of Thurman, and they were drinking. They found a number of bottles in the basement which had previously contained liquor, and in some of the bottles there was liquor still remaining. The officers thereupon went to the first floor and found a trap under the window and after prying upon the trap with screw drivers, they found one bottle of corn whiskey, which was appropriated by the officers.

Immediately upon finding this liquor, the daughter of plaintiff in error, a girl of 19 years of age, sat with her knees on a chair looking toward where the officers

were at work and she exclaimed that the officers were planting liquor. Plaintiff in error, Thurman, thereupon saw the officer, as he claims, in the act of planting liquor. There was a row in which the Thurmans, father and son, participated. Plaintiffs were thereupon arrested upon the charge of possession of intoxicating liquors and also upon the charge of resisting an officer. They were fined $350 and costs upon the first charge, and $20 and costs upon the second.

It is urged by the plaintiff in error that there is no evidence to prove trafficking of intoxicating liquors, but only its possession, and it is claimed that this is not an offense in a private residence.

We are of the opinion, however, that as the officers testified there must have been liquor consumed by the party as they noticed on all their breaths, the presence of liquor. We think, therefore, the house was not one which would protect plaintiff in error in the use thereof for the purpose of entertaining the various people who were there.

We are therefore of opinion that there was evidence sufficient to justify the magistrate in convicting the defendants, and sufficient to justify the Court of Common Pleas in affirming that judgment.

Ferneding, Kunkle and Allread, JJ, concur.